UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RICKY L. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:15-CV-18-TLS |
| | ) | |
| INDIANA DEPARTMENT | ) | |
| OF CORRECTION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The Plaintiff, a pro se prisoner, filed a Complaint [ECF No. 2] against four defendants alleging that they denied him a Halal diet. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint.

A prisoner may not bring an action in federal court until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Although exhaustion is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a

judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted).

Here, the Plaintiff states in his Complaint that the prison had a system which permitted him to file a grievance regarding the denial of a Halal diet. The Plaintiff explains that he did not file a grievance "[b]ecause a grievance would not change [Indiana Department of Correction] or prison policy. It is [a] policy that the [Indiana Department of Correction] and chaplains and Aramark claimed to be following." (Compl. 2.) However, because "[t]he sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins," exhaustion of administrative remedies "is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile." *Dole*, 438 F.3d at 808–09 (citations and quotation marks omitted); s*ee also Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) ("Section 1997e(a) says that exhaustion must precede litigation. 'No action shall be brought' until exhaustion has been completed [and] . . . it is essential to keep the courthouse doors closed until those efforts have run their course."). Accordingly, the Plaintiff's Complaint is subject to dismissal because he has not exhausted his administrative remedies as to the claims raised therein. Although he writes that "it is almost impossible to obtain a grievance at [the prison] because they are not available to inmates," (Compl. 2), the Plaintiff does not say—and it would not be plausible to infer—that he made any effort to file a grievance. *Cf. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (plausible allegations must do more than speculate as to what might have happened).

2

Nevertheless, the Plaintiff will be permitted an opportunity to file an amended complaint to show that he attempted to file a grievance related to the denial of a Halal diet. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013). The Plaintiff writes that the process for obtaining a grievance form was to write to his case manager, but he makes no mention of ever having done so. Neither does he mention whether he attempted to obtain a form from any other person. He writes that grievance forms frequently arrive after the deadline for filing a grievance, but he makes no mention of whether he was able to obtain a form. Nor does he explain how the deadline for filing a grievance ever applies in his case, given that he is allegedly denied a Halal diet on a continuous basis. If the Plaintiff files an amended complaint, he must address all of these issues.

For these reasons, the Court:

(1) **DIRECTS** the Clerk to place this cause number on a blank 42 U.S.C. § 1983 Prisoner Complaint form and send it to the Plaintiff;

(2) **GRANTS** the Plaintiff, until July 30, 2015, to file an amended complaint; and

(3) **CAUTIONS** the Plaintiff, that if he does not respond by that deadline, this case will be dismissed without prejudice for failure to exhaust his administrative remedies.

SO ORDERED on June 10, 2015

    s/ Theresa L. .Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION